**SUMMONS ISSUED**

# CV-11 2595

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

David Kim individually and
on behalf of all others similarly situated

★   MAY 3 1 2011   ★

)

LONG ISLAND OFFICE

       **Plaintiff,**

)

v.

)  **No.**   **KORMAN, J.**

)

)   **POHORELSKY, M.**

**Leading Edge Recovery Solutions, LLC.**

)   **CLASS ACTION COMPLAINT**

)

       **Defendant.**

)

)   **JURY DEMANDED**

**Class Action  Complaint for Violations of the Fair Debt Collection Practices Act**

## Introduction

1.     Plaintiff David Kim ("Plaintiff" or "Kim") files this Complaint seeking redress for the illegal practices of Defendant Leading Edge Recovery Solutions, LLC. ("Defendant" or "LERS"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

## Parties

2.  Plaintiff David Kim is a citizen of New York State who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4.  The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the

1

purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

5.   Defendant  is regularly engaged in the collection of debts allegedly due to others.

6.   Defendant is a "debt collector," as defined by FDCPA § 1692a(6).


## Jurisdiction and Venue

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.   Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

9.   Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

10. Venue is also proper in this district since Defendant transact business in this district.


## Factual Allegations

11. On or about March 4, 2011 Defendant sent a letter to Plaintiff, a copy of which is attached as Exhibit A, in an attempt to collect a consumer debt, allegedly due to LVNV Funding LLC. ("the debt")   The full content of Exhibit A is incorporated herein.

12. In Exhibit A, Defendant alleges that the Plaintiff owes $13,616.10 for the debt.

13. In Exhibit A, Defendant indicates that they will accept $5,900,00 as a "full and final settlement" of the debt.

14. In Exhibit A, Defendant indicates that if the Plaintiff pays the $5,900.00, Defendant will notify their client that the account has been "settled in full."

15. In Exhibit A, Defendant states:  "Please be aware that any forgiveness above $600.00

may be reported to the IRS on a 1099C Form."

16. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

17. As Exhibit A appears to be a form letter, upon information and belief, Defendant sent numerous other letters to New York consumers that contain the phrase: "Please be aware that any forgiveness above $600.00 may be reported to the IRS on a 1099C Form."

## Count I

## Violations of the Fair Debt Collection Practices Act

18. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

19. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(5), e(8), e(10), f and d.

20. Exhibit A violated 15 U.S.C. § 1692e, and e(10), by falsely representing that "any forgiveness above $600.00 may be reported to the IRS on a 1099C Form." Such a statement is objectively false. "Any" forgiveness may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

21. Exhibit A is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

22. Exhibit A is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

23. Exhibit A is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

24. Exhibit A is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

25. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the defendant claims is owed.

26. Exhibit A violated 15 U.S.C. § 1692e, §1692e(10) and §1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that "any forgiveness above $600.00 may be reported to the IRS on a 1099C Form" as contained within Exhibit A, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

27 . Defendant's actions as described herein also violate §1692e(8), in that the language contained within Exhibit A is a threat to report information that the defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said "identifiable events" is a violation of §1692e(8). The least sophisticated

consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the defendant says is owed, and what the plaintiff pays, is taxable. The defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

28. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

29. The Defendant's letter gives consumers objectively false and deceptive tax advice.

30. The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

31. The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

32. The Defendant voluntarily chooses to give the tax advice found in Exhibit A. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

33. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

### *Class Action Allegations*

34. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

a.   Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

b.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include whether Exhibit A violates the FDCPA.

c.   The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories.  The only individual issue is the identification of the consumers who received a letter, (*i.e.*, the class members), with the illegal language which is a matter capable of ministerial determination from the Defendants' records.

d.   Plaintiff will fairly and adequately represent the class members' interests.  All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

e.   Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

35. A class action is superior for the fair and efficient adjudication of the class members' claims.

36. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

37. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

38.  Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter containing the statement: "any forgiveness above $600.00 may be reported to the IRS on a 1099C Form" (d) which was not returned by the postal service as undelivered.

41. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (C)    Declaratory relief declaring that Exhibit A violates the FDCPA; and

    (D)    Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.


Dated: West Islip, New York
       May 31, 2011

                              RESPECTFULLY SUBMITTED,

                              _____
                              Joseph Mauro, Esq.
                              The Law Office of Joseph Mauro, LLC
                              306 McCall Ave.
                              West Islip, NY 11795
                              (631) 669-0921

8

Exhibit A


**LEADING EDG**
RECOVERY SOLUTIC

March 4, 2011

13715199-00902
David Kim
3629 194TH ST APT 2
FLUSHING, NY 11358

Leading Edge Recovery Solutions, LLC
5440 N Cumberland Ave STE 300
Chicago, IL 60656-1490

LEAC00801

RE: LVNV Funding LLC / HSBC CONSUMER LENDING (USA) INC.
Account Number: *********6046
LERS Account Number: 13715199
Current Balance: $13,616.10
Settlement Amount: $5,900.00

Dear David Kim,

This letter serves as confirmation that Leading Edge Recovery Solutions will accept $5,900.00 as a full and final settlement on the above referenced account.

The terms of the agreement are as follows:

$5,000.00 due by 3/7/2011
$900.00 due by 3/31/2011

Once the settlement amount has been received, and the funds have cleared for payment, you will then be released of any further liability to LVNV Funding LLC / HSBC CONSUMER LENDING (USA) INC. and its agents in reference to this account. In return, we will then notify our client that the account has been settled in full and that your credit bureau should be updated accordingly.

This agreement is in effect until the last payment date listed above and is void if the terms of this agreement are not met.

Sincerely,

Collections Department
(800) 663-4707

**Hours of Operation:**
Monday-Thursday 8:00am – 9:00pm CST / Friday 8:00am – 5:00pm CST / Saturday 8:00 – 12 Noon CST
This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please be aware that any forgiveness above $600.00 may be reported to the IRS on a 1099C Form.